FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 01 2021

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Robert Vasquez,

Plaintiff(s)/Petitioner(s),

v

No. CIV 1:20-CV-612 RB/KRS

Julie Jones;
Alisha Tafoya-Lucero;
GEO Group Inc;
Janine Rodriguez;
Centurion Correctional Healthcare of New Mexico;
Wexford Health Sources Inc;
Christopher Brawley;
Matt Meehan;
Gina Lutz,
        Defendants.

Amended Complaint for Violation of Civil Rights
With Jury Demand

Introduction/Background

This is a Civil Rights action filed by Robert Vasquez, a New Mexico State prisoner, for injury and damages under 42 U.S.C. § 1983, alleging Failure-to-Protect by defendants' Jones, Tafoya-Lucero and GEO Group Inc. Further denial and/or delay of medical Care by defendants' Rodriguez, Centurion, Wexford, Brawley, Meehan and Lutz in Violation of the Eighth Amendment to the United States Constitution. Further Retaliation by defendant

EXHIBIT
A

Rodriguez for exercising his right to file good faith Grievances and defendant Tafoya-Lucero's actual Knowledge of such custom at the Penitentiary and her failure to intervene, in Violation of the First Amendment to the United States Constitution.

### Jurisdiction

1. The Court has Jurisdiction over the plaintiff's claims of Violation of Federal Constitutional rights Under 42 U.S.C. 1983, 1331(1) and 1343. And subject matter Jurisdiction due to Exhaustion of Administrative Remedies.

### Parties

2. The plaintiff Robert Vasquez #61533 is incarcerated at the Penitentiary of New Mexico, 4311 State Hwy. 14, Santa Fe, New Mexico 87508, P.O. Box 1059, SF. N.M. 87504.

3. The defendant Julie Jones was the Secretary of Corrections and was acting under the Color of State law during the events described in the Complaint, who's last Known address was: 4337 State Road Hwy. 14, Santa Fe, New Mexico, 87508. She is sued in her individual Capacity.

4. The defendant Alisha Tafoya-Lucero is the Current Secretary of Corrections for the New Mexico Corrections Department. She has a duty to adopt rules and regulations necessary for administration of the Corrections Act, and enforce and administer those so adopted. Her act or

omission happen'd under the color of State law during the events described in the Complaint, who's address is: 4337 State Road Hwy. 14, Santa Fe, N.M. 87508. She is sued in her individual capacity.

5.   The defendant GEO Group Inc., was the Contractor Operating the Northeast New Mexico Correctional Facility to undertake and to provide Correctional Services for the NMCD, and acted under the color of State law during the events described in the Complaint, who's address is: 1 Park Place, 621 NW 53rd St. Ste. 700, Boca Raton FL. 33487 Is sued in official and/or individual Capacity

6.   The defendant Janine Rodriguez is the Grievance officer. Her act and omission happen under the color of State Law during the events described in the Complaint, who's address is: 4337 State Road Hwy. 14, Santa Fe, N.M. 87508. She is sued in her individual capacity.

7.   The defendant Centurion Correctional Healthcare of New Mexico was a Contractor that Undertakes to provide Correctional Healthcare for the NMCD, and acted under the Color of State law during the events described in the Complaint, who's address is: CT Corporation System, 2060 5. Coronado Ave., Espanola, N.M. 87532. Is sued in the official and/or individual Capacity.

8. The defendant Wexford Health Sources Inc., is the current Contractor that Undertakes to provide Correctional healthcare for the NMCD, and acted under the Color of State Law during the events described in the Complaint, who's address is: 4311 State Hwy. 14, Santa Fe, New Mexico 87508. Is sued in the official and/or individual Capacity.

9. The defendant Christopher Brawley was the LPN for Contractor Centurion Correctional Healthcare of New Mexico at Northeast New Mexico Detention Facility and had a duty as a nurse to follow Emergency Response Protocol in providing medical care to inmates, and was acting under color of State Law during the events described in the complaint, who's last Known address is: 185 Doctor Michael Jenkins Rd., Clayton, N.M. 88415. Is sued in his individual Capacity.

10. The defendant Matt Meehan was the Health Services Administrator for the NMCD and Centurion and Wexford Health, He had a duty to properly investagate the Plaintiff's Grievances' about his Medical Care. He acted under the Color of State Law during the events described in the Complaint, who's last Known address was, 4311 State Hwy. 14, Santa Fe, N.M. 87508. He is sued in His individual Capacity.

Case 1:21-cv-01064-RB-CG   Document 1-1   Filed 11/03/21   Page 5 of 21
Case 1:20-cv-00612-RB-KRS   Document 13   Filed 06/01/21   Page 5 of 21

Page: 5 of 20

11.  The defendant Gina Lutz was the physician for Wexford Health Sources Inc., and was responsible for providing treatment and medical care to the Plaintiff. She was acting under the color of State law during the events described in the complaint, whos last known address was: 4311 State Hwy.14, Santa Fe, N.M. 87508. She is sued in Her individual Capacity.

Facts
Failure to Protect

12.  On January 28, 2019, the Plaintiff was lodged at the Northeast New Mexico Detintion Facility (NENMDF) where he receiv'd an injury that was the proximate cause of the defendant Julie Jone and the GEO Group, Inc., reckless disregard or deliberate indifference of security failures in the operation of that facility, including but not limited to understaffing, the lack of training, the classification system led to the placement of High profile violent offenders at a facility that wasn't designed to house them.

13. The defendants Jones and GEO knew that on January 28, 2019, that the Understaffing was dangerously inadequate at the facility due to the fact over a two and half year period (May 2017 - November 2019), the Department of Corrections

fined the GEO Group's Clayton facility $2,713,005 for failure to safely staff the prison.

14. There was an arrangement between the state where GEO could simply pay a fine instead of safely staffing the prison, in January 2019.

15. The defendants failure to act, as well as acting on January 28, 2019 by Jones and GEO led to only one (1) correctional officer on the floor in the Plaintiffs unit for about 300 inmates about 11:00am, that was the cause of a substantial risk of serious harm to inmate health and safety.

16. Three (3) or more inmates who self admit to attacking the plaintiff and stabbing him on January 28, 2019, took this opportunity of one (1) correctional officer, to Assault and stabb him.

17. The defendant Jones and GEO's failure of finding staff, training them, and putting them in the position that could have run the prison safely led to the Plaintiff Robert bleeding out for about 6 hours before he was found, Assaulted and stabbed.

## Denial or delay of Medical Care

18. Robert was taken by wheelchair due to not being able to walk to medical about 5:00 pm.

19. The defendant Centurion and Brawley violated Emergency Response Protocol, policy CD-170101 G.(1)("Emergency Care") when they did not provide an initial evaluation and treatment within a (4) four minute response time, due to defendants not maintaining equipment in working order at NENMDF, that did not alow defendant Brawley to take vital signs. Further defendant Brawley did not provide treatment for internal bleeding and/or blood loss.

20. The defendant Brawley treated Robert as if he was malingering through his outrageous conduct and statements, when he refused to treat Robert's condition as life-threatning or urgent, even after Robert put Brawley on Notice that he was urinating blood. Further Brawley stated that Robert was not panic-stricken after being stabbed and that "people who have been stabbed always panic".

21. The defendant Brawley and Centurion violated policy CD-170101 G.(2)(3)("Emergeny Care"), when he used the "Northeast New Mexico Detention Facility inmate injury report", for work related injury and did not initiate pursuant to policy a "Medical Interdisciplinary progress Note", to make complete documentation of the emer-gency.

22. The defendants Centurion and Brawley made Robert sit in medical for over an hour (1) and a half (½) without calling for a licened emergency vehicle and waited to get a verbal order for transport from the facility doctor to transport him by facility van without a medical escort, in violation of policy CD-170101 G.(4) & (8) ("Emergency Care").

23. The Centurion defendants and their employees above violated N.M.S.A §1978 § 33-2-13, in conforming to the New Mexico Corrections Department's Rules and regulations.

24. Robert was in immediate danger when he arrived at the local Hospital and required immediate medical intervention, including but not limited to I.V. fluid, Blood Transfusion and Emergency Air lift to UNMH for emergency surgery to have his spleen removed to stop the internal bleeding and fix other internal injuries.

25. On February 25, 2019, Robert was transfered to Guadalupe County Correctional Facility, where he recieved care from a reasonably well-qualified doctor, who started an effective therapeutic medication treatment for his diagnosis of Robert having C.R.P.S caused by nerve damage from the beating and stabbing on January 28, 2019.

26. Robert was transfered to the Penitentiary of New Mexico on August 22, 2019.

27. On or about November 2019, defendants Centurion and their employees stoped Robert's effective therapeutic medication treatment for a "serious medical need", (C.R.P.5), abruptly or affording him the opportunity to change med- ication at the Penitentiary. This abrupt discontinuation of medication, with no explanation or examination was the continuing perpetuating cause of Robert's pain and suffering for a year (1) and a half (6 months).

28. Robert requested for over two (2) months after the discontinuation of medication to be seen by a doctor, but his request went ignored by defendant Centurion and their employees. The request involved pain that significantly affects daily activities, sleep, mood and weight, because of the nerve damage from the beating and stabbing of January 28, 2019. Robert was seen February 10, 2020.

29. The defendants Wexford, Gina Lutz, and their employees had a custom and practice of telling Robert they would provide a new treatment for his nerve dam- age between November 2019 — March 2021, at medical examinations but would not follow through with order- ing a prescribed treatment;

30. And or dispense the prescribed treatment after it was ordered;

31. And or follow up with Robert to see if the treatment was effective and ignore request for follow up. Thes acts or omissions by the Wexford defendants Lutz and Meehan was the Continuing Cause of his pain and Suffering for over a year (1) and a half (6 months)

32. The defendants Wexford and Lutz in the months between February 2020, and November 2020, did not provide/dispense the prescribed treatment orderd, even after being put on Notice through the grievance process, and defendant Meehan took no Corrective action.

33. The defendant Gina Luts would not take Corrective action for Robert's Complaints about being provided/dispense the prescribed treatment after it was orderd.

34. On December 9, 2020 defendant Lutz Stop all of Robert's treatment, Stating Robert "did not qualify for medical treatment" for his C.R.P.S. and refused to referral him to a Specialist.

35. The defendants Wexford did not provide treatment or Care till about March 27, 2021, perpetuating Roberts pain and Suffering.

36. The Wexford defendants have failed to maintain a reasonably Complete and organized System of

Medical records and/or the purposeful destruction of and or tampering with Roberts Medical Records. that are directly related to this Complaint.

## Unconstitutional Retaliation

37. The defendant Janin Rodriguez has a custom at the Penitentiary of New Mexico when it comes to Complaints against Staff, weather they are Emergency or not of not responding to such grievances;

38. And or she will improperly process;

39. And or make up techical reasons to repeatedly reject grievances;

40. And or refuse to perform investigations on grievances or provide evasive, misleading information in her response;

41. And or tamper with the record and not forward Robert's appeals, or file all papers submitted.

42. Defendant Rodriguez has made any administrative remedy unavailable for seven (7) grievances Robert has filed, and has Thwarted any relief.

43. Defendant Rodriguez has denied or delayed medical care and/or interfered with the treatment once prescribed through her intentional actions

of refusing to forward an Emergency Medical Grievance appeal that defendant Rodriguez receiv'd February 28, 2020 at about 11:40 am, to the Statewide Grievance manager. (Log# N-20-02-01)

44.   On July 13, 2020 at 12:30 pm, Robert had filed another Emergency Medical Grievance, after Three (3) months of not being dispensed the prescribed treatment ordered.

45.   Defendant Rodriguez did not follow the time limits set in the grievance policy. The Department of Corrections ignored the policy Violations in their response on December 30, 2020, (5) five months after it was filed. (Log# N-20-07-14)

46.  Defendant Rodriguez Thwarted Robert's grievance against her about intentionally denying or delaying access to medical care when she refused to forward the appeal he filed December 3, 2020. Further She did not Log the Complaint into the NMCD's "CMIS" System. (Log# N-20-10-02) Leaving No record on file.

47.   Defendant Rodriguez blatantly Circumvented grievance policy after Robert filed a grievance Claiming he was assaulted by Staff, when she marked the grievance as not timely and refused to let him appeal. (Log# N-20-08-11), even after Robert pointed out he followed policy.

Further she did not file all documents submitted by Robert in support of his grievance.

48.   On October 5, 2020, Robert filed a grievance (Log # N 20-10-03) claiming that he was intentionally exposed to death by fire and raw sewage by a Corrections officer. Defendant Rodriguez did not file all documents submitted by Robert in support of his grievance. Further defendant Rodriguez did not conduct an investigation and or interview witnesses and refused to forward the appeal to the Statewide Grievance Manager.

49.   Robert again filed a grievance against defendant Rodriguez on January 28, 2021, (Log # N-21-02-11), for policy violations of emergency grievance procedure. The Deputy Warden refused to perform an investigation and interview witness and in violation of NMSA § 30-26-1 (Tampering with public records), went back and changed information and the Decision on the grievance form after Robert had filed his appeal. The NMCD ignored any policy violation.

50.   Robert put defendant Tafoya-Lucero on notice through a letter put into the internal mail on 9·5·2020, and a letter sent to the Office of Professional Standards on October 11, 2020, of the oppression and misconduct of defendant Rodriguez, but he got no

response or relief.

## First Cause of Action (failure to Protect)
## Violation of the Eighth Amendment of the United States
## Constitution

51.   The actions or omissions of defendants' Jones and GEO displayed deliberate indifference or reckless disregard for safety by failing to act reasonably in response to understaffing that was dangerously inadequate at NENMDF.

52.   Defendants Jones and GEO knew of and disregarded the excessive risk of violence caused by the understaffing of the facility and the inference can be drawn from the fine of $2,713,005 for failure to safely staff the prison between May 2017 to November 2019, and the unconstitutional custom/policy of paying a fine instead of safely staffing the prison.

53.   Defendants Jones and GEO actions or omission was the proximate cause of Robert's injury; pain and suffering and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, as well as deliberate indifference and/or reckless disregard.

Case 1:21-cv-01064-RB-CG   Document 1-1   Filed 11/03/21   Page 15 of 21
Case 1:20-cv-00612-RB-KRS   Document 13   Filed 06/01/21   Page 15 of 21

Page: 15 of 20

## Second Cause of Action
### (Denial or delay of Medical Care or treatment Prescribed) Violation of the Eighth Amendment of the United States Constitution

54. The actions or Omissions of defendants Centurion and Brawley constitutes the unnecessary and Wanton infliction of pain.

55. Defendants Centurion and Brawley were deliberately indifferent to Roberts Serious medical need by defendants outrageous conduct and treating him as if He was malingering and about (2) Two-hour delay in treatment for stab wounds, and failure to maintain working emergency equipment, and their failure to provide emergency Care pursuant to NMCD policy and or training.

56. Robert put defendant Brawley on notice that his injury was stab wounds and was urinating blood. Defendants Centurion and Brawley did not respond reasonably to the substantial risk of Serious harm.

57. The defendant Centurion and Brawley's action or omissions unnecessarily prolonged Robert's Pain and Suffering, and constitutes deliberate indifference to Robert's Serious medical needs in Violation of the Eighth Amendment to the United States Constitution.

58. The actions or omissions of defendants Wexford, Meehan, Lutz and Rodriguez, Constitutes the unnecessary and Wanton infliction of pain.

59. The defendants Wexford, Meehan and Lutz's custom of Stoping Effective treatment for a Cheaper less effective treatment then failing to order, dispense or followup and or referral Robert for his serious medical needs to a Specialist was the Cause of unnecessary pain and Suffering for a year and a half.

60. The defendants Wexford, Meehan and Lutz had Notice of Roberts pain and Suffering through Sick Call slips and through defendant Rodriguez the Grievance officer, but thes defendants refused to investigate, take Corrective action and training and their actions interfere with prescribed treatment.

61. The defendants Wexford, Meehan, Lutz and Rodriguez actions and omissions was the proximate Cause and perpetuated Roberts pain and Suffering and Constitutes deliberate indifference to Roberts Serious medical needs in Violation of the Eighth Amendment to the United States Constitution.

Case 1:21-cv-01064-RB-CG   Document 1-1   Filed 11/03/21   Page 17 of 21
Case 1:20-cv-00612-RB-KRS   Document 13   Filed 06/01/21   Page 17 of 21

Page: 17 of 20

## Third Cause of Action (Retaliation)
### Violation of the First amendment of the United States Constitution

62.   The Chronology of events provide for inference to be drawn that defendant Rodriguez engaged in retaliation against prisoners for exercising his right to file grievances for Staff misconduct and Abuse, over a year and a half period.

63.   Defendant Rodriguez caused Robert to suffer an adverse action of no administrative remedy for misconduct and abuse from Staff. Further defendant Rodriguez actions have denied or delayed medical care and/or interfered with the treatment once prescribed, perpetuating Roberts pain and suffering.

64.   But for defendant Rodriguez failure and refusal to follow Grievance policy events would have transpired differently without the retaliation, for example Staff would not be able to engage in misconduct and abuse with impunity, and but for Tafoya-Lucero's failure to Train, the same is true.

65.   Robert has put Tafoya-Lucero on notice of defendants Rodriguez Custom/Practice of retaliation through a letter sent September 5, 2020. Defendant Tafoya-Lucero has refused to take any action and has allowed the Unconstitutional policy to continue with impunity. also see Court Case D-101-CV-2020-01971.

66. The defendant Tafoya-Lucero and Rodriguez's actions and omissions unnecessarily prolonged Robert's pain and suffering and constitutes retaliation in violation of the First Amendment to the United States Constitution.

### Relief Requested

Wherefore, plaintiff request the Court to grant the following relief:

A. Award compensatory damages in the following amounts:

  1. $2,713,005.00 jointly and severally against defendants Julie Jones and GEO Group Inc., for the physical and emotional injuries sustained as a result of the plaintiff's beating and stabbing.

  2. $100,000.00 jointly and severally against defendants Centurion Correctional Healthcare of New Mexico, Wexford Health Sources Inc., Christopher Brawley, Matt Meehan and Gina Lutz for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

  3. $50,000.00 jointly and severally against defendants Alisha Tafoya-Lucero and Janine Rodriguez for the physical and emotional injury resulting from their use of retaliation against the plaintiff for engaging in protected conduct.

B. Award punitive damages in the following amounts:

1. $20,000.00 each against all defendants.

C. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted

Date:
May 27, 2021

Robert Vasquez
P.O. Box 1059
Santa Fe, N.M. 87504

**Prisoner's Original Signature**

Original signature of attorney (if any)

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  Penitentiary of New Mexico   on May 27, 2021 _____
            (location)                        (date)

_____
**Prisoner's Original Signature**

